UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 7 – 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CREVANTE D. THOMPSON, )
)
     Petitioner, )
)
v. ) Civil Action No. 08-0157 (RJL)
)
LISA J.W. HOLLINGSWORTH, )
)
     Respondent. )
)

### MEMORANDUM OPINION
(March 4, 2008)

In this action for a writ of *habeas corpus* under 28 U.S.C. § 2241, petitioner, a prisoner at the Federal Correctional Institution in Cumberland, Maryland, challenges his sentence imposed by an unidentified court. He claims, among other grounds for relief, that the sentence imposed following his plea of guilty violated the double jeopardy clause. Habeas review of a federal conviction and sentence is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during



sentencing). In the absence of any basis for finding petitioner's remedy under § 2255 inadequate or ineffective, this civil court lacks jurisdiction to entertain the petition. Petitioner's recourse lies in the sentencing court. A separate order of dismissal accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge